**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HUSSEIN ALI,

            Plaintiff,

vs.                                            Case No. 3:15-cv-816-J-34PDB

HUDSON INSURANCE COMPANY, et al.,

            Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on June 30, 2015, by filing a nine-count Complaint (Doc. 1) against Defendants. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count except Count Five in the nine-count Complaint incorporates by reference all allegations of the preceding counts. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)). Accordingly, the Court will strike the Complaint and afford Plaintiff an opportunity to file an amended complaint in accordance with this Order.[1]

---

[1] The Court notes that Plaintiff alleges diversity as the basis for this Court's jurisdiction. See Complaint ¶ 1. Because Plaintiff will be filing an amended complaint, the Court takes this opportunity to observe that Plaintiff fails to adequately allege the citizenship of all parties, and thus, has not properly invoked this Court's diversity jurisdiction. As to the individual Defendants, Plaintiff alleges only where these individuals reside, not their states of citizenship. To establish diversity over a natural person, a party must allege the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is
(continued...)

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **July 27, 2015**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville Florida, this 6th day of July, 2015.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

---

<sup>1</sup>(...continued)
absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). Thus, Plaintiff's allegations as to the residences of Defendants Najeh Jawad, Jad Jawad, Mohammed Jawad, and Abdul Jawad, see Complaint ¶ 1, are insufficient to establish their respective citizenships.

In addition, as to the Defendant companies, for the purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Although Plaintiff provides this information as to Defendants Jawad Co., Jawad Investment Inc., Auto Resources Inc., and Carmotive Inc., Plaintiff fails to allege the states of incorporation and principal place of business of the other Defendant companies, asserting instead only where these Defendants are "registered." See Complaint ¶ 1. As such, the Court is unable to determine the citizenship of Defendants Hudson Insurance Company, American Safety Casualty Insurance Company, Aegis Security Insurance Company, Western Surety Co., Own A Car, Fresno Auto Liquidation, Sierra Auto, and Philadelphia Indemnity Insurance Company. To the extent some of these Defendants are not corporations, but rather some type of unincorporated entity, such as a limited liability company or a partnership, to establish the citizenship of those entities, Plaintiff must allege the citizenship of each of its members. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

In light of Plaintiff's failure to properly allege the citizenship of each Defendant, the Court is unable to determine whether it has diversity jurisdiction over this action. Nonetheless, the Court finds that it does have subject matter jurisdiction over this action because Plaintiff has alleged a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), and thus invoked this Court's federal question jurisdiction. See 28 U.S.C. § 1331(a). As such, if Plaintiff intends to rely on diversity jurisdiction as the basis for this Court's jurisdiction, Plaintiff must correctly allege the citizenships of all parties in the amended complaint. Otherwise, the case will proceed on the Court's federal question jurisdiction only.

lc11
Copies to:

Counsel of Record
Pro Se Parties