1  Ronald W. Hopkins, Esq. (Bar No. 100895)
   rhopkins@gascouhopkins.com
2  Christian J. Gascou, Esq.  (Bar No. 209957)
   cgascou@gascouhopkins.com
3  GASCOU HOPKINS LLP
   9696 Culver Blvd Suite 302
4  Culver City CA 90232
   Telephone:   (310) 785-9116
5  Facsimile:   (310) 785-9149

6  Attorneys for Defendant,
   AEGIS SECURITY INSURANCE COMPANY
7

8
                    **UNITED STATES DISTRICT COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DISTRICT**
10

11                                  )   **CASE NO.  1:16-CV-00409-DAD-EPG**
                                    )
12  HUSSEIN ALI,                    )
                                    )   **DEFENDANT AEGIS SECURITY**
13                                  )   **INSURANCE COMPANY'S NOTICE**
              Plaintiff,            )   **OF MOTION AND MOTION TO**
14                                  )   **DISMISS; MEMORANDUM OF**
         v.                         )   **POINTS AND AUTHORITIES;**
15                                  )   **DECLARATION OF RONALD W.**
                                    )   **HOPKINS RE MEET AND**
16  HUDSON INSURANCE               )   **CONFER; DECLARATION OF**
    COMPANY, ET AL.,                )   **CHRISTIAN J. GASCOU**
17                                  )
                                    )
18            Defendants.           )   **Date: 6/21/16**
                                    )   **Time: 9:30 a.m.**
19                                  )   **Location: Courtroom 5**
                                    )
20                                  )
                                    )
21                                  )

22

23

24  **TO ALL PARTIES AND THEIR ATTONEYS OF RECORD:**

25          NOTICE IS HEREBY GIVEN THAT on June 21, 2016, at 9:30 a.m., or as soon

26  thereafter as the matter may be heard in Courtroom 5 of the United States District

27  Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California,

28  Defendant Aegis Security Insurance Company ("Aegis") will and hereby does move

                                  - 1 -

1 │ this court for an order pursuant to Federal Rules of Civil Procedure ("FRCP") Rule
2 │ 12(b)(6) to dismiss Plaintiff Hussein Ali's ("Plaintiff") First Amended Complaint
3 │ against it, with prejudice.

4 │     This Motion is made pursuant to FRCP Rule 12(b)(6) in that Plaintiff previously
5 │ filed a lawsuit in the Superior Court of California, County of Fresno, which contained
6 │ the same causes of action, factual scenario and relief against Aegis, which was
7 │ dismissed by the Superior Court without leave to amend pursuant to Aegis's Demurrer.
8 │ Accordingly, the doctrine of ref judicata bars the instant action.

9 │     This Motion is further brought on the grounds that the Complaint fails to assert a
10 │ viable cause of action against Aegis upon which relief may be granted, and as such, the
11 │ referenced claims are subject to dismissal with prejudice.

12 │     This Motion is filed following Aegis counsel's meet and confer conference with
13 │ Plaintiff as required by the Court's standing order. (Declaration of Ronald Hopkins.)
14 │ During the telephonic conference, Plaintiff indicated that he would not agree to dismiss
15 │ Aegis from any of the subject causes of action and that Aegis should proceed to file its
16 │ motion.

17 │     This Motion is intended to replace and/or renew Aegis' Dispositive Motion
18 │ (Document 13) to the First Amended Complaint filed in the Middle District of Florida
19 │ on August 4, 2015. The prior motion was never ruled on by the Court in Florida (see
20 │ Document 64 notice), and was taken under advisement by the Court at the time of the
21 │ venue transfer order (Document 65, pg. 22).

22 │     This Motion is based on this Notice of Motion and Motion, the accompanying
23 │ Memorandum of Points and Authorities, Request for Judicial Notice, and Declarations
24 │ of Christian Gascou and Ronald Hopkins, filed concurrently herewith, all the pleadings
25 │ and papers on file in this action, and on such other argument as may be presented at or
26 │ prior to the hearing on the motion.

27 │
28 │ DATED: May 13, 2016                    GASCOU HOPKINS LLP

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS**

By: /s/ Christian Gascou_____
CHRISTIAN GASCOU
Attorneys for Defendant Aegis Security
Insurance Company

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This action is subject to dismissal, with prejudice, pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) as Plaintiff Hussein Ali's ("Plaintiff") First Amended Complaint ("FAC") involves a dispute which was dismissed on the merits by a California Court on June 1, 2015. As the California suit contained the same causes of action, factual scenario and relief sought against Defendant Aegis Security Insurance Company ("Aegis"), the doctrine of *res judicata* bars the instant action.

In the event that the Court does not find that the First Amended Complaint ("FAC") should be dismissed under the doctrine of *res judicata,* then Aegis asserts that the Complaint should be dismissed without leave to amend pursuant to FRCP Rule 12(b)(6) in that the FAC fails as a matter of law to allege a viable cause of action against Aegis.

## II.   THE SUPERIOR COURT'S DISMISSAL OF PLAINTIFF'S PRIOR ACTION AND SUBSEQUENT PROCEDURAL HISTORY

On December 1, 2014, Plaintiff filed the case of *Hussein Ali v. Najeh Jawad, et al,* Case No. 14CECG03594 in the Superior Court of California, County of Fresno ("Superior Court Action"). Plaintiff filed a First Amended Complaint on February 25, 2015, which named Aegis as a Defendant to Plaintiff's causes of action for Breach of Verbal and Written Contract, Conversion, Defamation, Negligence, Fraud and Deceit by Intentional Conversion, Willful Misconduct and Intentional Infliction of Emotional

DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION TO DISMISS

1  Distress ("Superior Court FAC"). (RFJN 1.)

2      On March 30, 2015, Aegis filed a Demurrer as to all causes of action asserted by

3  Plaintiff against Aegis in Plaintiff's Superior Court FAC. (RFJN 2.)

4      On June 1, 2015, the Honorable Judge Mark W. Snauffer, ordered Plaintiff's

5  Superior Court FAC against Aegis dismissed without leave to amend pursuant to

6  California Code of Civil Procedure §430.10(e) ("Superior Court Order"). (RFJN 3.)

7  Judge Snauffer issued a tentative ruling which was adopted by the Court and became

8  the order of the Court. (RFJN 3.) The Court's tentative ruling is incorporated in its

9  entirety to the subject Motion. (RFJN 3.)

10      On June 30, 2015, Plaintiff filed the subject action in the United States District

11  Court, Middle District of Florida.

12      Following the Court's sua sponte Order striking the Complaint as an

13  impermissible shotgun pleading, Plaintiff filed a First Amended Complaint ("FAC") on

14  July 20, 2015. Aegis filed a Dispositive motion on August 4, 2015 in the Florida

15  Middle District(Doc 13) which was not ruled on prior to the venue transfer to the

16  Eastern District.

17      On March 21, 2016, the Court ordered this action transferred to the Eastern

18  District of California where venue would be proper as to all claims and Defendants.

19      Plaintiff's incomprehensible FAC alleges the same facts that Plaintiff alleged in

20  the Superior Court Action and apparently names Aegis as a Defendant only on Count 7

21  for Conversion.

22  **III.   STANDARD FOR DISMISSAL OF ACTION PURSUANT TO**

23         **FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)**

24      If a cause of action fails to state a claim on which relief may be granted, a

25  defendant may file a motion to dismiss under Federal Rules of Civil Procedure, Rule

26  12(b)(6). Federal pleading standards determine whether a plaintiff has adequately pled

27  his causes of action. (*See, e.g., Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102-

28  1203 (9th Cir. 2003).) Where it appears from the face of the complaint that it fails to

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS**

1  state a claim upon which relief may be granted, a motion to dismiss under Fed. R. Civ.
2  P. 12(b)(6) will be sustained. (Fed. R. Civ. P. 12(b)(6); *Cahill v. Liberty Mut. Ins. Co.*,
3  80 F.3d 336, 338 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482,
4  1483 (9th Cir. 1991).

5      In determining the adequacy of a plaintiff's complaint, a court must accept as
6  true all material allegations in the complaint, as well as reasonable inferences that may
7  be drawn from them. (*Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998).) However,
8  "fair notice" is required as to the nature of the claim and the facts supporting the same.
9  As stated in Schwarzer Tashima & Wagstaffe, California Practice Guide – Federal
10 Civil Procedure Before Trial §8:29, "while brevity is required [in Federal complaints],
11 it is not enough simply to allege that a wrong has been committed and demand relief.
12 The underlying requirement is that a pleading give 'fair notice' of the claim being
13 asserted and the 'grounds upon which it rests.'" (Citing *Conley v. Givson*, 355 U.S. 41,
14 47-48 (1957); *Yamaguchi v. U.S. Dept. of the Air Force,* 109 F.3d 1475, 1481 (9th Cir.
15 1997).)

16      Moreover, it is significant to note that this Court need not accept conclusory
17 allegations, legal characterizations, unreasonable inferences, or unwarranted
18 deductions of fact as true. (*In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.
19 1993); *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).) A dismissal is
20 proper where there is either a "lack of a cognizable legal theory" or "the absence of
21 sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police
22 Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).)

23      Furthermore, if it is clear that the defects cannot be cured, the dismissal should
24 be granted without leave to amend. Although the courts should generally allow one
25 attempt to amend, it appears that such leave is not required where the court
26 determines"… that the pleading could not possibly be cured by the allegation of other
27 facts…." (*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), discussing the
28 interplay between Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(a).)

DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS

1   The court may "take judicial notice of matters of public record outside the

2   pleadings." (*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).) Aegis

3   asked the court take judicial notice of documents submitted in the concurrently filed

4   Request for Judicial Notice pursuant to Federal Rules of Evidence, Rule 201. In ruling

5   on the subject motion, the court can consider matters that are proper subjects of judicial

6   notice under Rule 201 of the Federal Rules of Evidence. (*Lee v. City of Los Angeles*,

7   250 F.3d 668, 688-89 (9th Cir. 2001).

8   **IV.   THIS ACTION HAS ALREADY BEEN DISMISSED WITH**

9   **PREJUDICE BY THE SUPERIOR COURT OF CALIFORNIA,**

10  **COUNTY OF FRESNO AND THEREFORE THE DOCTRINE OF**

11  **RES JUDICATA BARS THE SUBJECT ACTION**

12  **A.   The Standard Governing Res Judicata**

13  "Res judicata bars the filing of claims which were raised or could have been

14  raised in an earlier proceeding." (*Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238

15  (11th Cir. 1999).) An action is barred by prior litigation if all of "the following

16  elements are present: (1) there is a final judgment on the merits; (2) the decision was

17  rendered by a court of competent jurisdiction; (3) the parties, or those in privity with

18  them, are identical in both suits; and (4) the same cause of action is involved in both

19  cases." (*Id.*)

20  [U]nder California law, an order sustaining a demurrer without leave to amend is

21  considered a judgment on the merits, with res judicata effect, as long as the order was

22  based on the merits (or lack thereof) of the claims asserted and not on some formal

23  defect. (See *Goddard v. Security Ins. And Guar. Co.*, 12 Cal.2d 47, 52 [92 P.2d 804]

24  (1939); *Pollack v. University of Southern California*, 112 Cal.App.4[th] 1416 [6

25  Cal.Rptr.3d 122] (2003).) Under Federal law, "[w]hen a state court has denied relief,

26  adjudication on the merits can be presumed absent any contrary indication or stat-law

27  procedural principles." (*Harrington v. Richter*, 131 S.Ct. 770, 778 (2011).)

28  **B.   Plaintiff's FAC Raises Not Only the Exact Same Causes of**

**Action/Count But The Same Factual Allegations As In The**

**Superior Court FAC**

The Superior Court FAC alleged seven causes of action against Aegis and several other defendants for Breach of Verbal and Written Contract, Conversion, Defamation, Negligence, Fraud and Deceit by Intentional Conversion, Willful Misconduct and Intentional Infliction of Emotional Distress. (RFJN 1.)

The factual allegations contained in the FAC are also exactly the same as those alleged in the superior Court FAC. It appears that the FAC in this action only alleges Count 7 for Conversion against Aegis.

In relevant part, Plaintiff alleges the following with regard to Aegis:

a.     Aegis "is a citizen of the state of Pennsylvania and its principal place of Business [sic] is Harrisburg Pennsylvania [sic]…" FAC, p. 2, ¶1.

b.     Aegis "is a Pennsylvania registered company and it provides Auto Dealers in the United States with bond services and currently providing [sic] Bond services to Auto Resources Inc…." FAC, p.2, ¶2.

c.     Aegis is a "bonding company[y] that "bond[s its] clients from defrauding the Public, Finance Companies, individuals' finances and Government Agencies." FAC, p.4, ¶6.

d.     Aegis, among other defendants, "executed a surety in the amount of $50,000 to Own a Car, Fresno Auto Liquidation, Auto Resources, and Carmotive…" FAC, p. 5, ¶6.

e.     Plaintiff continues: "This bond is 'conditioned that the applicant shall not practice any fraud or make any fraudulent representation which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency.'" *Id.*

The FAC then contains seven purported causes of action, including (1) "fraud and deceit by intentional conversion", (2) "conspiracy to violate RICO", (3) defamation, (4) negligence, (5) "intentional infliction of willful misconduct", (6)

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION TO DISMISS**

"intentional infliction of emotional distress", and (7) conversion. Of these causes of action, only the claim for conversion purports to be directed towards Aegis.

Count one ("fraud and deceit by intentional conversion") appears to be based on "a verbal representation" made by "Defendants Abdul Jawad, Najeh Jawad, Mohammed Jawad and Jad Jawad (collectively the 'RICO defendants')". FAC, p.5, ¶7. Count one contains no allegation regarding Aegis.

Count two ("conspiracy to violate RICO") "is brought by the plaintiff Hussein Ali against defendants Abdul Jawad, Najeh Jawad, Mohammed Jawad and Jad Jawad (collectively the 'RICO'. FAC, p.6, ¶8. Thus, it is not directed at Aegis.

Count three (defamation) appears to be based upon "communicat[ions] to Newspapers and TV Stations" that were made by "Defendants Najeh Jawad, Mohammed Jawad, Jad Jawad and Abdul Jawad". FAC, p.8, ¶20. Thus, it is not directed at Aegis.

Count four (negligence) "is brought by the plaintiff Hussein Ali against defendants Jawad Co. [sic] Jawad Investment Inc., Auto Resources, and Carmotive." FAC, p.9, ¶23. Thus, it is not directed at Aegis.

Count five ("intentional infliction of willful misconduct"), even if this were a cognizable claim for relief under federal or state law, does not appear to be directed towards Aegis. After reciting what Plaintiff claims to be the relevant law for this purported cause of action, Plaintiff alleges that "Certain of their willful misconduct and failures include:...Defendant Najeh Jawad and Abdul Jawad borrowed the funds...Both Defendants did not need the money...Both Defendants that [sic] Injury [sic] is absolute [sic] going to occur... Both Defendants failed to avoid the injury..." FAC, p.10-11, ¶26-27. Thus, this count appears to be directly exclusively at Najeh Jawad and Abdul Jawad, not at Aegis.

Count six ("intentional infliction of emotional distress") "is brought by plaintiffs [sic] against defendants Abdul Jawad, Mohammed Jawad, and Jad Jawad..." FAC, p.11, ¶28. Thus, it is not directed at Aegis.

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION TO DISMISS**

1    Indeed, only count seven ("conversion"), which claims to be "against all of the

2  defendants" purports to assert a cause of action against Aegis.

3  **C.    The Superior Court Order Dismissed Plaintiff's Entire Action**

4  **Against Aegis Without Leave to Amend**

5    The Superior Court dismissed Plaintiff's entire Complaint against Aegis without

6  leave to amend. (RFJN 3.) The dismissal included all of the same causes of action for

7  included in the instant FAC. (RFJN 3.) The Court's order addresses each of these

8  causes of action and sets forth the foundation for the Court's ruling and its

9  determination that Aegis' Demurrer and that of other surety defendants should be

10  granted without leave to amend. (RFJN 3.)

11  **D.    Plaintiff's Action is Barred By The Doctrine Of Res Judicata**

12    Plaintiff improperly seeks to re-litigate the claims he lost in the Superior Court

13  Action by filing an identical case against Aegis in the  District Court.

14    This action satisfies the elements required to apply res judicata. The Superior

15  Court of California – County of Fresno is a court of competent jurisdiction that

16  presided over the Superior Court Action. The parties in the Superior Court Action and

17  the instant action are identical. Further, Plaintiff's causes of action against Aegis in the

18  Superior Court Action are identical to the causes of action in the subject FAC.

19    Moreover, the Superior Court's Order was a final judgment on the merits.

20  [U]nder California law, an order sustaining a demurrer without leave to amend is

21  considered a judgment on the merits, with res judicata effect, as long as the order was

22  based on the merits (or lack thereof) of the claims asserted and not on some formal

23  defect. (See *Goddard v. Security Ins. And Guar. Co.*, 14 Cal.2d 47, 52 [92 P.2d 804]

24  (1939); *Pollock v. University of Southern California*, 112 Cal.App.4th 1416 [6

25  Cal.Rptr.3d 122] (2003).) Under Federal law, "[w]hen a state court has denied relief,

26  adjudication on the merits can be presumed absent any contrary indication or state-law

27  procedural principles." *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011). The

28  dismissal of the California action ***without leave to amend*** was not based on a formal

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS**

1    defect, but on the merits.

2        "To overrule the demurrer to the first cause of action as to defendant Najeh

3    Jawad. To sustain the demurrers to the first cause of action as to the other defendants,

4    without leave to amend, for failure to state facts sufficient to constitute a cause of

5    action and uncertainty.(Code Civ. Proc. Section 430.10, subd.(e.).)" (RFJN 3, pg. 2)

6        "To sustain the demurrers to the second through seventh causes of action as to

7    all defendants, for failure to state facts sufficient to constitute a claim and uncertainty.

8    (Code Civ. Proc. Section 430.10, subd. (e.).)…To deny leave to amend as to the

9    second, third, fourth, sixth and seventh causes of action. To grant leave to amend as to

10    the fifth cause of action as to defendants Abdul Jawad, Najeh Hawad, Mohammed

11    Jawad, and Jad Jawad only. To deny leave as to the other defendants." (RFJN 3, pg. 2.)

12        Thus—the June 1, 2015 order sustained the demurrers by surety defendants

13    Aegis, Hudson and American Safety as to all counts without leave to amend.

14

15        For these reasons, the Court should dismiss this action against Aegis with

16    prejudice.

17    **V.**     **IF THE COURT DETERMINES THAT THIS ACTION IS NOT**

18         **BARRED BY THE DOCTRINE OF RES JUDICATA, THE COURT**

19         **SHOULD PROCEED TO DISMISS THE SUBJECT ACTION**

20         **WITHOUT LEAVE TO AMEND BASED ON PLAINTIFF'S FAILURE**

21         **TO ASSERT A VALID CAUSE OF ACTION AGAINST WESTERN**

22

23        **A.**     **The FAC Fails to State any Valid Claims Against Aegis**

24        The FAC should be dismissed for failure to state a valid claim. As described

25    above, counts 1 through 6 contain no charging allegations against Aegis.

26        **B.**     **Plaintiff's Seventh Count For Conversion Fails As Plaintiff Has**

27         **Failed To Assert Any Facts To Support A Claim That Aegis**

28         **Wrongfully Exercised Dominion Over Any Of Plaintiff's Property**

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS**

1   "Conversion is the wrongful exercise of dominion over the property of another.

2   The elements of a conversion cause of action are the plaintiff's ownership or right to

3   possession of the property at the time of the conversion; the defendant's conversion by

4   a wrongful act or disposition of property rights; and damages." (*Farmers Ins.*

5   *Exchange v. Zerin*, 53 Cal.App.4th 445, 451 (1997).)

6   Plaintiff has failed to allege any facts to support a valid cause of action for

7   conversion against Aegis. There are absolutely no allegations against Aegis pertaining

8   to the wrongful disposition of Plaintiff's property rights. As noted above in the list of

9   Plaintiff's allegations, Aegis has solely been named in this action based on its role as

10  Surety to Auto Resources, Inc. under a statutory Bond issued on July 27, 2014(Gascou

11  Declaration, Exh. A)—while all of the acts alleged in the complaint against any of the

12  multiple defendants occurred between December 2009 and April of 2013.

13  Nowhere in the FAC does Plaintiff make any factual allegations that Aegis had

14  any involvement in the subject health insurance loan transactions nor would Plaintiff

15  be able to make such an allegation. Moreover, Plaintiff does not and cannot allege that

16  Aegis has possession or has acquired any rights to the property Plaintiff contends he is

17  entitled to. As is clear from Plaintiff's own allegations, Aegis' only involvement in this

18  matter is as surety.

19  For these reasons, Plaintiff has failed to allege a viable cause of action for

20  Conversion against Aegis and Plaintiff cannot allege such a cause of action.

21  Accordingly, granting Aegis' Motion to Dismiss without leave to amend as to

22  Plaintiff's Count for Conversion is appropriate.

23  **VI.    CONCLUSION**

24  WHEREFORE, Aegis Security Insurance Company respectfully requests that

25  this Court dismiss Plaintiff's FAC with prejudice and provide such other and further

26  relief as this Court deems necessary, just and proper.

27

28  DATED: May 13, 2016                    GASCOU HOPKINS LLP

- 11 -

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS**

By: */s/ Christian Gascou*_____

CHRISTIAN GASCOU
Attorneys for Defendant Aegis Security
Insurance Company

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION
TO DISMISS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, the foregoing **DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION TO DISMISS** was filed electronically.  Notice of this filling will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

DATE: May 13, 2016                         GASCOU HOPKINS LLP

                                            */s/Christian J. Gascou*
                                            _____

                                            CHRISTIAN J. GASCOU
                                            Attorneys for Defendant Aegis Security
                                            Insurance Company

**DEFENDANT AEGIS SECURITY INSURANCE COMPANY'S MOTION TO DISMISS**