UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUDSON INSURANCE CO., ET AL.,<br><br>　　　　　Defendants. | No. 1:16-cv-00409-DAD-EPG<br><br>ORDER GRANTING DEFENDANT WESTERN SURETY COMPANY'S MOTION TO DISMISS WITH PREJUDICE<br><br>(Doc. No. 79) |

　　　　On June 30, 2015, Hussein Ali ("plaintiff") filed a *pro se* complaint in the District Court for the Middle District of Florida. (Doc. No. 1.) The district court *sua sponte* dismissed plaintiff's complaint, noting its use of "shotgun" pleading. (Doc. No. 6.) Plaintiff then filed his first amended complaint ("FAC") on July 20, 2015. (Doc. No. 7.) Thereafter, the case was transferred to the Eastern District of California on March 25, 2016. (Doc. No. 72.) On April 15, 2016, defendant Western Surety Company ("defendant Western") filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. No. 79.) Plaintiff filed an objection on April 20, 2016. (Doc. No. 84.) On May 10, 2016, defendant Western filed a reply. (Doc. No. 86.) The court heard oral arguments with respect to the pending motion on May 17, 2016. Plaintiff appeared on his own behalf at the hearing and attorney Mark Aronson appeared on behalf of defendant. (Doc. No. 88).

/////

/////

I.  **Background**

   a.  *Factual Allegations*

In his FAC, plaintiff alleges as follows.  In December 2009, plaintiff loaned two individuals—Najeh Jawad and Abdul Jawad--$22,000 for an unspecified purpose.  That same month, at plaintiff's place of business located in Fresno County, California, Abdul, Najeh, Jad Jawad, and Mohammed Jawad (collectively, the "individual defendants") verbally represented to plaintiff in the presence of "more than two witnesses" that they would repay all of the loaned money at plaintiff's request.  However, the individual defendants allegedly never intended to repay the loan, a fact they disclosed at about the same time to other witnesses.  The individual defendants used the money through various business enterprises to finance the purchase of automobiles to be sold to the public.  Plaintiff asked the individual defendants to repay him in March and April 2013 and enlisted the aid of "Community Members" to recover the funds, but the individual defendants refused to repay for unspecified reasons.  According to plaintiff, Mohammed and Jad conspired with Najeh and Abdul to "defraud plaintiff out of his hard earned money."  To that end, the individual defendants sent mail and made "numerous phone calls, faxed communications, e-mails, and Internet postings on the corporations [sic] web site" to perpetrate and cover up their fraud.  They also falsely told newspapers and television stations that plaintiff had been "involved in a serious crime involving moral turpitude and felonies" and suggested that he "suffers from a physical or mental defect that would cause others to refrain from associating with" him.

Relying on "Mediators and Community Leaders," plaintiff attempted to collect on the loans through Jawad Co., Jawad Investment, Auto Resources, and Carmotive (collectively, "corporate defendants").  None of those entities responded to his requests, and they did not investigate why the loan had not been timely repaid. Defendants American Safety Casualty Insurance Company, Hudson Insurance Company, Aegis Security Insurance Company, Philadelphia Indemnity Insurance Company, and defendant Western (collectively, "the surety defendants") formerly provided and/or currently provide bonds under California law to the corporate defendants.  Plaintiff contends that the surety defendants "should have known and

discovered when issuing Bond coverage" that the corporate defendants had defaulted on plaintiff's loan and were "conducting fraudulent activities."

As a result of the failure to repay the loan, plaintiff's family was forced to sell their belongings for "pennies on the dollar[ ]" or discard them and move across the country from Fresno, California to Florida at a cost of approximately $100,000. That displacement ultimately caused plaintiff to suffer about $1.5 million in damages and "severe emotional distress."

b. *Claims*

In his FAC, plaintiff asserts the following seven claims: (1) "Fraud and Deceit by Intentional Conversion," brought against the individual defendants; (2) "Conspiracy to Violate RICO," (the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968) brought against the individual defendants; (3) defamation, brought against the individual defendants; (4) negligence, brought against the corporate defendants and the surety defendants; (5) "Intentional Infliction of Willful Misconduct" apparently brought against all defendants; (6) intentional infliction of emotional distress, brought against the individual defendants; and (7) conversion, apparently brought against all defendants. Plaintiff also requests the award of compensator, treble, and punitive damages; attorney's fees; costs; declaratory and/or injunctive relief; imposition of a constructive trust; and restitution.

c. Defendant Western's Motion to Dismiss

Defendant Western asserts plaintiff's claims against it are barred by the doctrine of *res judicata*, and, thus, must be dismissed with prejudice. Defendant Western requests the court to take judicial notice of a previous case filed by plaintiff in the Fresno County Superior Court entitled *Hussein Ali v. Najeh Jawad, et al*, Case No. 14CECG03594 ("superior court action"). According to defendant Western, that case—dismissed on demurrer without leave to amend—was based upon the same factual allegations and asserted the same causes of action as are presented by plaintiff in the case before this court. In opposition to the motion to dismiss plaintiff does not challenge this assertion, but merely repeats the allegations contained in his FAC.

/////

/////

d.  The Superior Court Action

Plaintiff filed his prior action in the Fresno County Superior Court on December 1, 2014. In it, he alleges the same facts as alleged in the pending FAC, namely, that he entered into an agreement to loan $22,000 to Najeh and Abdul, that they—as well as Mohamed and Jad—guaranteed repayment of the loan, but that they never planned on—and never did—repay plaintiff.  Plaintiff alleged multiple causes of action in his state court action complaint, including: (1) breach of verbal and written contract; (2) conversion; (3) defamation; (4) negligence; (5) fraud and deceit by intentional conversion; (6) intentional infliction of willful misconduct; and (7) intentional infliction of emotional distress.

On May 19, 2015, Fresno County Superior Court Judge Mark W. Snauffer issued a tentative ruling in response to defendant Western's demurrer dismissing all of plaintiff's causes of action against defendant Western without leave to amend.  Regarding plaintiff's conversion claim, Judge Snauffer noted that "plaintiff has not alleged that [defendant Western] ever wrongfully exercised dominion over his property," and also observed that could not use defendant Western's position as surety company to establish liability because plaintiff's claim was "unrelated to the purchase, sale or financing of autos." (Doc. No. 79-1 at 42.)  Regarding the fraud claim, Judge Snauffer commented that defendant Western could not be liable because "[plaintiff] alleges no facts showing that [defendant Western] made any representations to him at all, or that he relied on its representations to his detriment." (*Id*. at 44.)  Judge Snauffer found that plaintiff's claim was attempting to establish some type of vicarious liability, but that such liability, based on defendant Western's status as a surety company, was not permitted because the complained of transaction did not involve the purchase or sale or autos.  (*Id*.)  Judge Snauffer dismissed plaintiff's negligence claim, finding that "plaintiff d[id] not allege any facts showing that [defendant Western] owed a legal duty of care toward him that would have required it to respond to the inquiries of community leaders, or to investigate the other defendants' alleged failure to repay the loan." (*Id*. at 43.)  Regarding the "willful misconduct" claim, Judge Snauffer noted that plaintiff once again failed to state any facts giving rise to liability and that "[s]ince defendant was not even a party to the [loan], plaintiff ha[d] failed to show that defendant

4

[Western] owed him a duty of care under the circumstances[.]" (*Id*. at 45.) Finally, Judge Snauffer dismissed all of the claims without leave to amend, noting that it did not appear that plaintiff would be able to amend the complaint to state a valid claim. (*Id*. at 42-46.)

II. **Legal Standards Applicable to a Rule 12(b)(6) Motion**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

III. **Analysis**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v.*

*Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997; *accord Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tangue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)).

    a.  *Final Judgment on the Merits*

"Federal courts apply the doctrine of res judicata to a state court judgment to the same extent that courts to that state would apply the doctrine." *Green v. Uni. Of San Francisco*, No. C 06-3321 JF (PVT), 2006 WL 3545024, at *2 (N.D. Cal. 2006) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438 (9th Cir. 1985)). "Under California law, a superior court judgment on an order sustaining a demurrer without leave to amend is a final judgment on the merits for purposes of *res judicata* analysis." *Id*. (citing *Crowley v. Modern Faucet Manufacturing*, 44 Cal.2d 321, 323 (1955)). "The fact that a plaintiff requests a different type of relief, or even presents a different legal theory, does not negate or lessen the binding effect of the previous state court judgment." *Moore v. City of Costa Mesa*, 678 F. Supp. 1448, 1450 (C.D. Cal. 1987).

In the Fresno County Superior Court action, Judge Snauffer granted defendant Western's demurrer against plaintiff's complaint without leave to amend. That order constituted a final judgment on the merits of plaintiff's state court action.

    b.  *Identity or Privity Between Parties*

Here, Mr. Ali was the plaintiff and Western Surety Company was a defendant in the superior court action. This element is, therefore, also satisfied here.

    c.  *Identity of Claims*

To establish *res judicata*, there must be identity between the claims brought in the previous action and the ones brought in the current action. *See W. Radio Servs. Co.*, 123 F.3d at 1192; *see also In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (noting that the purpose of *res judicata* is to prevent parties from re-litigating claims against parties whom they have already filed suit against or could have filed suit against in a previous action). The claims brought against defendant Western in the current action (Negligence, Fraud, Conversion, Intentional Infliction of

Willful Misconduct) are the same claims plaintiff brought in his superior court action.  Thus, this element is also satisfied in the present case.

IV.     **Conclusion**

For the reasons discussed above, plaintiff's claims are barred by the doctrine of *res judicata*. Therefore, defendant Western's motion to dismiss will be granted and the court dismisses with prejudice all of plaintiff's claims brought against Western in this action.

IT IS SO ORDERED.

Dated:   **May 31, 2016**                              _Dale A. Drozd_
                                                                  UNITED STATES DISTRICT JUDGE