UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUDSON INSURANCE COMPANY, ET AL.,<br><br>　　　　Defendants. | No. 1:16-cv-00409-DAD-EPG<br><br>**ORDER ON PLAINTIFF'S VOLUNTARY DISMISSAL OF DEFENDANTS HUDSON INSURANCE COMPANY, AMERICAN SAFETY CASUALTY INSURANCE, AND PHILADELPHIA INDEMNITY INSURANCE**<br><br>(Doc. Nos. 13, 27, 32, 103, 107) |

　　On August 17, 2016, plaintiff Hussein Ali filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to defendants Hudson Insurance Company, American Safety Casualty Insurance, Philadelphia Indemnity Insurance, and Western Surety Co.[1]  (Doc. No. 107.)  Under Rule 41(a), a plaintiff may dismiss an action without a court order if he or she files "a notice or dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. Pro. 41(a)(1)(A)(i)–(ii).  Here, defendants Hudson Insurance Company, American Safety Casualty Insurance, and Philadelphia Indemnity Insurance have filed neither an answer nor a motion for summary judgment.  However, they have all filed

---

[1] Defendant Western Surety Co. has already been dismissed with prejudice pursuant to the court's June 1, 2016 order.  (Doc. No. 89.)

1

motions to dismiss.  (*See* Doc. Nos. 26, 27 and 103.)  "Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."  *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Miller v. Reddin*, 422 F.2d 1264, 1265 (9th Cir. 1970)).  Defendants Hudson Insurance Company, American Safety Casualty Insurance, and Philadelphia Indemnity Insurance are therefore dismissed from this action without prejudice.  Moreover, the voluntary dismissal renders the motions to dismiss filed on behalf of defendant Philadelphia Indemnity Insurance moot.  *See id*. ("Filing a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.").

Based upon the foregoing,

1) Defendants Hudson Insurance Company, American Safety Casualty Insurance, and Philadelphia Indemnity Insurance have been dismissed without prejudice;

2) The clerk of court is directed to terminate defendants Hudson Insurance Company, American Safety Casualty Insurance, and Philadelphia Indemnity Insurance from this action;

3) The clerk of the court is directed to terminate Philadelphia Indemnity Insurance's motions to dismiss (Doc. Nos. 27 and 103) as having been rendered moot; and

4) The clerk of the court is further directed to terminate motions to dismiss (Doc. Nos. 13 and 32) by Aegis Security Insurance Company and Western Surety Co., who have both already been dismissed from the action, as having been rendered moot.

IT IS SO ORDERED.

Dated:   **August 18, 2016**                    _____
                                                                UNITED STATES DISTRICT JUDGE