1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HUSSEIN ALI,                            No.  1:16-cv-00409-DAD-EPG

12              Plaintiff,

13        v.                                 ORDER GRANTING DEFENDANTS'
                                             MOTION TO DISMISS WITH PREJUDICE
14   JAWAD CO., INC. d/b/a OWN A CAR
     OF FRESNO; JAWAD INVESTMENT             (Doc. Nos. 109, 112)
15   INC.; AUTO RESOURCES, INC.;
     CARMOTIVE INC.; FRESNO AUTO
16   LIQUIDATION; SIERRA AUTO; NAJEH
     JAWAD; JAD JAWAD; MOHAMMED
17   JAWAD; ABDUL JAWAD,

18              Defendants.

19

20        On June 30, 2015, plaintiff Hussein Ali filed a *pro se* complaint in the United States

21   District Court for the Middle District of Florida.  (Doc. No. 1.)  That court *sua sponte* dismissed

22   that complaint, noting its use of "shotgun" pleading.  (Doc. No. 6.)  Plaintiff then filed his first

23   amended complaint ("FAC") on July 20, 2015.  (Doc. No. 7.)  Thereafter, the case was

24   transferred to this court on March 25, 2016.  (Doc. No. 72.)  On November 2 and 3, 2016,

25   defendants Abdul Jawad, Jawad Co., Inc. d/b/a Own A Car of Fresno, Fresno Auto Liquidation

26   Center, Sierra Auto, and Jawad Investment, Inc. filed a motion to dismiss pursuant to Rule

27   12(b)(6).  (Doc. Nos. 109 and 112.)  The moving defendants argue that the *res judicata* doctrine

28   compels dismissal of plaintiff's third through seventh claims because each of those claims has

1

1   already been dismissed on their merits by a California state court.  (Doc. No. 112 at 2.)  The

2   moving defendants further contend that all of plaintiff's present claims should be dismissed due

3   to his failure to plead sufficient facts.  (*Id.*)  Plaintiff filed an opposition to the pending motion to

4   dismiss and defendants filed a reply.  (Doc. Nos. 113 and 114.)  The court heard oral arguments

5   with respect to the pending motion on December 6, 2016.  Plaintiff appeared on his own behalf at

6   the hearing.  (Doc. No. 116.)  Attorney Russell Reyonds appeared in person on behalf of moving

7   defendants Abdul Jawad, Jawad Co., Inc. d/b/a Own A Car of Fresno, Fresno Auto Liquidation

8   Center, Sierra Auto, and Jawad Investment, Inc. and attorney Roger Bonakdar appeared

9   telephonically on behalf of defendants Carmotive Inc., Mohammed Jawad, Jad Jawad, and Najeh

10  Jawad.  (*Id.*)

11      I.   **Background**

12          a.   *Factual Allegations*

13          In his FAC, plaintiff alleges as follows.  (See Doc. No. 7.)  In December 2009, plaintiff

14  loaned two individuals—defendants Najeh Jawad and Abdul Jawad—$22,000 for an unspecified

15  purpose.  That same month, at plaintiff's place of business located in Fresno County, California,

16  defendants Abdul, Najeh, Jad and Mohammed Jawad (collectively, the "individual defendants")

17  verbally represented to plaintiff in the presence of "more than two witnesses" that they would

18  repay the loaned money upon plaintiff's request.  However, the individual defendants never

19  intended to repay the loan, a fact they disclosed at about the same time to other witnesses.  The

20  individual defendants used the money loaned them by plaintiff, through various business

21  enterprises, to finance the purchase of automobiles to be sold to the public.  Plaintiff asked the

22  individual defendants to repay him in March and April 2013 and enlisted the aid of "Community

23  Members" to recover the loaned funds, but the individual defendants refused to repay him for

24  unspecified reasons.  According to plaintiff, defendants Mohammed and Jad conspired with

25  defendants Najeh and Abdul to "defraud plaintiff out of his hard earned money."  To that end, the

26  individual defendants sent mail and made "numerous phone calls, faxed communications,

27  e-mails, and Internet postings on the corporations [sic] web site" to perpetrate and cover up their

28  fraud.  They also falsely told newspapers and television stations that plaintiff had been "involved

1  in a serious crime involving moral turpitude and felonies" and suggested that he "suffers from a

2  physical or mental defect that would cause others to refrain from associating with" him.

3  Relying on "Mediators and Community Leaders," plaintiff attempted to collect on the

4  loans from defendants Jawad Co., Jawad Investment, Auto Resources, and Carmotive

5  (collectively, "corporate defendants"). None of those entities responded to his requests, and they

6  did not investigate why the loan had not been timely repaid. Originally named defendants

7  American Safety Casualty Insurance Company, Hudson Insurance Company, Aegis Security

8  Insurance Company, Philadelphia Indemnity Insurance Company, and Western (collectively, "the

9  surety defendants") formerly provided and/or currently provide bonds under California law to the

10  corporate defendants. Plaintiff contends that these surety defendants "should have known and

11  discovered when issuing Bond coverage" that the corporate defendants had defaulted on

12  plaintiff's loan and were "conducting fraudulent activities."[1]

13  As a result of defendants' failure to repay the loan, plaintiff's family was forced to sell

14  their belongings for "pennies on the dollar[ ]" or discard them and move across the country from

15  Fresno, California to Florida at a cost of approximately $100,000. That displacement ultimately

16  caused plaintiff to suffer about $1.5 million in damages and "severe emotional distress."

17  b.  *Claims*

18  In his FAC, plaintiff asserts the following seven claims: (1) "Fraud and Deceit by

19  Intentional Conversion," brought against the individual defendants; (2) "Conspiracy to Violate

20  RICO," (the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968)

21  brought against the individual defendants; (3) defamation, brought against the individual

22  defendants; (4) negligence, brought against the corporate defendants and the surety defendants;

23  (5) "Intentional Infliction of Willful Misconduct" apparently brought against all defendants; (6)

24  intentional infliction of emotional distress, brought against the individual defendants; and (7)

25  conversion, apparently brought against all defendants. Plaintiff also requests the award of

26  compensator, treble, and punitive damages; attorney's fees; costs; declaratory and/or injunctive

27

28  [1]  As noted and as will be discussed below, these surety defendants have previously been dismissed from this action.

3

1  relief; imposition of a constructive trust; and restitution.

2          *c.  The Fresno County Superior Court Action*

3          On December 1, 2014, plaintiff initiated an action, entitled *Hussein Ali v. Najeh Jawad, et*

4  *al.*, Case No. 14(ECG03594), in the Fresno County Superior Court.  (Doc. No. 112-3 at 4.)  After

5  that court dismissed plaintiff's complaint and granted him leave to amend many of his claims,

6  plaintiff filed a first amended complaint in that state court action on February 25, 2015.  (*Id*. at

7  13.)  In that first amended state court complaint, plaintiff alleged the same facts as alleged in the

8  pending FAC before this federal court, namely, that he entered into an agreement to loan $22,000

9  to defendants Najeh and Abdul, that they—as well as defendants Mohamed and Jad—guaranteed

10  repayment of the loan, but never planned on—and never did—repay plaintiff.  (*Id*. at 16–19.)

11  Plaintiff also alleged multiple causes of action in his state court action, including: (1) breach of

12  verbal and written contract; (2) conversion; (3) defamation; (4) negligence; (5) fraud and deceit

13  by intentional conversion; (6) intentional infliction of willful misconduct; and (7) intentional

14  infliction of emotional distress.  (*Id*. at 17–32.)

15          On May 11, 2015, Fresno County Superior Court Judge Mark W. Snauffer issued a

16  tentative ruling in response to defendants' demurrers to plaintiff's complaint.  (Doc. No. 112-3 at

17  71–86.)  The court dismissed the breach of contract claim against Abdul Jawad, Jad Jawad,

18  Mohammed Jawad, the corporate defendants, and the surety defendants without leave to amend.

19  (*Id*. at 72.)  The state court, however, found that defendant had stated a cognizable breach of

20  contract claim against defendant Najeh Jawad.  (*Id*.)  The court also dismissed plaintiff's "fraud

21  and deceit by intentional conversion" claim against all defendants for failure to state a claim.  (*Id*.

22  at 79–81.)  The dismissal of that claim was without leave to amend as to the corporate defendants

23  and the sureties, but with leave to amend as to the individual defendants.  (*Id*.)  Finally, the court

24  dismissed plaintiff's conversion, defamation, negligence, intentional infliction of willful

25  misconduct, and intentional infliction of emotional distress claims as to all defendants for failure

26  to state a claim and without leave to amend.  (*Id*. at 76–83.)

27          Thereafter, plaintiff filed a second amended complaint in the state court action on June 15,

28  2015.  (*Id*. at 33–53.)  However, shortly thereafter plaintiff voluntarily dismissed his second

1    amended complaint in the state court action on June 22, 2015.  (*Id*. at 87.)  As noted above, on

2    June 30, 2015, plaintiff initiated this federal action by filing his complaint in the U.S. District

3    Court for the Middle District of Florida.  (Doc. No. 1.)

4                    *d.   Dismissal of Surety Defendants in this Action*

5            On June 1, 2016, this court granted defendant Western's motion to dismiss with prejudice.

6    (Doc. No. 89.)  In the dismissal order the court found that all claims brought by plaintiff against

7    defendant Western were barred by the doctrine of *res judicata* due to the final judgment on the

8    merits entered in the Fresno County Superior Court action *Hussein Ali v. Najeh Jawad, et al.*,

9    Case No. 12(ECG03594).  (*Id*.)  Plaintiff subsequently voluntarily dismissed without prejudice

10   from this action the remaining surety defendants Aegis Security Insurance, Hudson Insurance

11   Company, American Safety Casualty Insurance, and Philadelphia Indemnity Insurance.  (Doc.

12   Nos. 101 and 108.)

13                   *e.   Multiple Actions in Federal Court*

14           On June 22, 2016, plaintiff filed a second action in this court against previously unnamed

15   defendants Nadya Jawad, Nasr Jawad, Fawzi Sood, and Jamal Taha, alleging substantially similar

16   facts as alleged here, claiming that these defendants had conspired with Najeh Jawad to defraud

17   plaintiff out of $22,000.  *Ali v. Jawad, et al.*, No. 1:16-cv-00879-DAD-MJS (E.D. Cal. filed June

18   22, 2016).

19           On November 17, 2016, plaintiff filed a third action in this court alleging substantially

20   similar facts alleged here and against the surety defendants that he had just voluntarily dismissed

21   from this action.  *See Ali v. Hudson Insurance Co., et al.*, No. 1:16-cv-01743-DAD-EPG (E.D.

22   Cal.).  On December 12, 2016, the assigned magistrate judge issued a findings and

23   recommendations in that case finding that "the Complaint in this action is not filed in good faith

24   and has been filed to delay proceedings and harass the Defendants" and recommending that

25   plaintiff's *in forma pauperis* application be denied.  *Ali v. Hudson Insurance Co., et al.*, No.

26   1:16-cv-01743-DAD-EPG, Doc. No. 4 at 3 (E.D. Cal. Dec. 12, 2016).  On June 5, 2016, this court

27   adopted the findings and recommendations in full, finding that the action was not filed in good

28   faith and has been filed to delay proceedings and harass the defendants.  *Ali v. Hudson Insurance*

1    *Co., et al.*, No. 1:16-cv-01743-DAD-EPG, Doc. No. 6 at 1 (E.D. Cal. Jan. 5, 2017).

2    **II.**    **Legal Standards Applicable to a Rule 12(b)(6) Motion**

3       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

4    sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

5    1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

6    sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

7    F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

8    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

9    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

10    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

11    *Iqbal*, 556 U.S. 662, 678 (2009).

12       In determining whether a complaint states a claim on which relief may be granted, the

13    court accepts as true the allegations in the complaint and construes the allegations in the light

14    most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

15    *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff

16    "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways

17    that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

18    *Carpenters*, 459 U.S. 519, 526 (1983).

19       In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

20    to consider material which is properly submitted as part of the complaint, documents that are not

21    physically attached to the complaint if their authenticity is not contested and the plaintiff's

22    complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*,

23    250 F.3d 668, 688–89 (9th Cir. 2001).

24    **III.**    **Analysis**

25      ***A. Res Judicata***

26       "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of

27    any claims that were raised or could have been raised in the prior action." *Idaho Sporting*

28    *Congress, Inc. v. Rittenhouse*, 305 F.3d 957, 964 (9th Cir. 2002) (quoting *W. Radio Servs. Co. v.*

1   *Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)); *accord Owens v. Kaiser Found. Health Plan,*

2   *Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  Res judicata is applicable whenever there is:  "(1) an

3   identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between

4   parties."  *W. Radio Servs. Co.*, 123 F.3d at 1192 (citing *Blonder-Tongue Lab. v. Univ. of Ill.*

5   *Found.*, 402 U.S. 313, 323–24 (1971)); *see also United States v. Wanland*, 830 F.3d 947, 956 (9th

6   Cir. 2016).

7                   1)   *Final Judgment on the Merits*

8         "In determining whether a prior state court action bars a subsequent federal action, the

9   federal court must look to the res judicata principles of the state court in which the judgment was

10   rendered."  *Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996) (*citing Migra v. Warren City*

11   *School Dist. Bd. of Education*, 465 U.S. 75, 80); *see also Green v. Univ. of San Francisco*, No. C

12   06-3321 JF (PVT), 2006 WL 3545024, at *2 (N.D. Cal. 2006) ("Federal courts apply the doctrine

13   of res judicata to a state court judgment to the same extent that courts to that state would apply the

14   doctrine.") (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438 (9th Cir. 1985)).  "Under

15   California law, a superior court judgment on an order sustaining a demurrer without leave to

16   amend is a final judgment on the merits for purposes of *res judicata* analysis."  *Green*, 2006 WL

17   3545024, at *2 (citing *Crowley v. Modern Faucet Manufacturing*, 44 Cal.2d 321, 323 (1955)); *see*

18   *also Federated Dept. Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to

19   state a claim . . . is a 'judgment on the merits.'"); *Tobin v. Nationstar Mortgage, Inc*., Case No.

20   2:16-cv-0836 CAS(ASx), 2016 WL 1948786, at *8 (C.D. Cal. May 2, 2016) ("Courts have

21   routinely held that, pursuant to California law, sustaining a general demurrer and dismissing a

22   case with prejudice constitutes a judgment on the merits.").  "The fact that a plaintiff requests a

23   different type of relief, or even presents a different legal theory, does not negate or lessen the

24   binding effect of the previous state court judgment."  *Moore v. City of Costa Mesa*, 678 F. Supp.

25   1448, 1450 (C.D. Cal. 1987).

26         The Fresno County Superior Court dismissed plaintiff's conversion, defamation,

27   negligence, intentional infliction of willful misconduct, and intentional infliction of emotional

28   distress claims without leave to amend as to all defendants due to plaintiff's failure to state a

7

claim. (Doc. No. 112-3 at 76–83.)  The state court also dismissed plaintiff's "fraud and deceit by intentional conversion" claim without leave to amend as to the corporate and surety defendants. (*Id*. at 79-81.)  Pursuant to the authorities cited above, as to those claims which plaintiff was denied leave to amend, the superior court's dismissal order constitutes a final judgment on the merits of plaintiff's state court action.[2]

2)   *Identity or Privity Between Parties*

Here, Hussein Ali was the plaintiff and Najeh Jawad, Mohammed Jawad, Jad Jawad, Abdul Jawad, Jawad Co., Jawad Investment Inc., Carmotive Inc., Own A Car, Fresno Auto Liquidation, Sierra Auto, and Auto Resources Inc. were all defendants in the earlier Fresno County Superior Court action filed by plaintiff.  All of the same parties are named in this action as well.  Therefore, identity or privity between the parties is satisfied here.

3)   *Identity of Claims*

To establish that the *res judicata* doctrine applies, there must be identity between the claims brought in the previous action and the ones brought in the current action.  *See W. Radio Servs. Co.*, 123 F.3d at 1192; *see also Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 916-17 (9th Cir. 2012); *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (noting that the purpose of *res judicata* is to prevent parties from re-litigating claims against parties whom they have already filed suit against or could have filed suit against in a previous action).  In this action pending before this federal court, plaintiff has removed the breach of verbal and written contract claim that he plead in his state court complaint, but added a RICO conspiracy claim under 18 U.S.C. § 1962(d).  (Doc. No. 7 at 6.)  All of the remaining claims brought in this action, were also brought by plaintiff in his state court action.  Furthermore, in his state court complaint plaintiff alleged essentially the same facts he has alleged in his FAC pending before this court.  Accordingly, this element of the res judicata doctrine is also satisfied with respect to all of plaintiff's current claims except his RICO claim.

---

[2]  There was no final judgment on the merits in the state court action, however, with respect to plaintiff's "fraud and deceit by intentional conversion" claim against the individual defendants because the superior court dismissed that claim with leave to amend.

4)   *Conclusion*

Accordingly, all of the elements of the *res judicata* doctrine are met here with respect to all of plaintiff's claims except for his "fraud and deceit by intentional conversion" claim brought against the individual defendants and his RICO claim alleged against the individual and corporate defendants.  All of the claims in plaintiff's FAC, except for the two claims identified above, are therefore barred by application of the *res judicata* doctrine.

### B.   *"Fraud and Deceit by Intentional Conversion"*

As noted above, plaintiff's first cause of action in the complaint now before this court is for "fraud and deceit by intentional conversion" against the individual defendants.[3]  It appears that plaintiff is actually alleging that defendants made a promise without the intent to perform.

Under California law a claim of fraud must allege the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *In re Estate of Young*, 160 Cal.App.4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) (internal quotation marks omitted).  When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater . . . .  The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'"  *Lazar*, 12 Cal.4th at 645 (quoting *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Similarly, federal law requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge and other condition of mind of a person may be averred generally."  Fed. R. Civ. Proc. 9(b).  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the

---

[3]  As discussed above, this claim brought by plaintiff against the corporate defendants is barred by application of the *res judicata* doctrine and the surety defendants have already been dismissed from this action.

1   misrepresentation." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir.

2   1988).  *See also e.g. Spencer v. DHI Mortgage Co.*, No. CV F 09–0925 LJO DLB, 2009 WL

3   1930161, at *6 (E.D. Cal. June 30, 2009).  Dismissal of a fraud claim is appropriate when its

4   allegations fail to meet the required pleading standard.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

5   1097, 1107 (9th Cir. 2003); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud

6   allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct

7   alleged"); *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Tarmann*, 2 Cal. App. 4th

8   at 157.

9        When this same claim was dismissed in plaintiff's Fresno County Superior Court action,

10  that court noted that it was granting "plaintiff one more chance to allege specific facts showing

11  who, when, where, how and by what means the representations were made."  (Doc. No. 112-3 at

12  81.)  Plaintiff, however, then voluntarily dismissed his state court action shortly after filing his

13  second amended complaint, and instead initiated this federal action.  Nonetheless, plaintiff has

14  still failed to allege sufficient and specific facts to support his fraud claim despite being

15  effectively given another opportunity to do so.  Instead, plaintiff has once again alleged only that

16  defendants Abdul, Najeh, Mohammed, and Jad Jawad made a verbal promise to him that the

17  funds loaned by plaintiff would be repaid upon his request.  (Doc. No. 7 at 5.)  Plaintiff also again

18  merely alleges that "[t]he representation was made in the present of more than two witnesses; the

19  representation was made on or around December 2009 at Plaintiff place of business located in

20  Fresno County of the State of California."   (*Id*.)  In this regard, plaintiff has once again only

21  vaguely alleged when the claimed representation was made, does not identify what or where his

22  place of business was, and does not identify the referred to witnesses to the alleged agreement.

23  Moreover, plaintiff continues to fail to allege how the claimed representations were made.

24  Rather, he alleges only in conclusory fashion that he had "no reasons to doubt that the

25  representation is anything but a fact and true," while failing to allege any facts suggesting that his

26  claimed reliance was justified.  (*Id*.)  Finally, plaintiff now alleges that the representation was

27  made by all four individual defendants even though that allegation conflicts with the prior

28  allegations of his state court complaint that the fraud occurred as a result of a verbal contract

1  between only himself and Abdul Jawad.  (*See* Doc. No. 112-3 at 6.)

2        For all of these reasons, this court concludes that plaintiff's bare allegations of fraudulent

3  misrepresentation remain insufficient to state a cognizable fraud claim under the governing legal

4  standards.

5      **A.   RICO**

6        Plaintiff's second cause of action before this court is for conspiracy to violate RICO.

7  (Doc. No. 7 at 6.)  To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise,

8  (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury

9  to plaintiff's business or property.  *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir.

10  2010); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Grimmett v. Brown*, 75 F.3d 506,

11  510 (9th Cir. 1996).  The alleged enterprise must exist "separate and apart from that inherent in

12  the perpetration of the alleged [activity]."  *Chang v. Chen*, 80 F.3d 1293, 1300–01 (9th Cir.

13  1996); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 549 (9th Cir. 2007) (*quoting United

14  States v. Turkette*, 452 U.S. 576, 583 (1981)).  A "pattern of racketeering activity" means at least

15  two criminal acts enumerated by statute.  18 U.S.C. § 1961(1), (5) (including, among many

16  others, mail fraud, wire fraud, and financial institution fraud).  These so-called "predicate acts"

17  under RICO must be alleged with specificity in compliance with Federal Rule of Civil Procedure

18  9(b).  *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1400–01 (9th Cir. 2004);

19  *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th

20  Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with

21  "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in

22  each scheme"); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir.

23  1988); *Pineda v. Saxon Mortgage Services*, No. SacV 08–1187 JVS, 2008 WL 5187813, at *4

24  (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions"

25  in pleading a RICO claim but rather, plaintiff must give each defendant notice of the particular

26  predicate act it participated in and must allege each predicate act with specificity).

27        Here, the FAC before the court offers no factual allegations in support of plaintiff's

28  allegations of the mail and wire fraud predicate acts with respect to his RICO conspiracy claim,

1    let alone specific facts sufficient to meet the heightened pleading requirements applicable to fraud

2    claims under Rule 9(b).  Rather, plaintiff has merely alleged that:

3            All of the USPS mailings and the numerous telephone calls, faxed
             communications, e-mails and Internet postings on the corporations
4            web site set forth above were made in furtherance of the Fraud
             Scheme and the subsequent cover-up by the defendants.  Therefore
5            all of these communications were made in violation of the mail and
             wire fraud statutes.  One or more of these mails and wires
6            defrauded plaintiff.  This pattern of mails and interstate wire-
             communications occurred over a period of 37 months from the date
7            the Fraud Scheme began when on or about December 2009 through
             January 2013, all in furtherance of the Fraud Scheme and the
8            conspiracy by the Conspirators to engage in a massive cover-up.

9    (Doc. No. 7 at 7.)  Notably, plaintiff has failed to plead any details about any specific mailing,

10   telephone call, faxed communication, e-mail, or internet posting.  Plaintiff generally alleges that

11   the RICO violation occurred over a thirty-seven month period.  However, he has failed to allege

12   when any individual mailing was sent, to whom and where it was sent, and what was contained in

13   any mailing which amounts to fraud, much less facts alleged in sufficient detail to adequately

14   advise the defendants of their alleged role with any specificity in the purported scheme.  *See*

15   *Aizusss v. Commonwealth Equity Trust*, 847 F. Supp. 1482, 1490–91 (E.D. Cal. 1993) (dismissing

16   RICO claim where predicate fraud claim was inadequately pled).

17          The conclusory allegations found in plaintiff's FAC are vague, conclusory and wholly

18   insufficient to state a cognizable RICO conspiracy claim.  Accordingly, that claim will be

19   dismissed as well.

20   **IV.    Leave to Amend**

21          The court has carefully considered whether plaintiff is capable of further amending his

22   FAC to state a cognizable claim.  "Valid reasons for denying leave to amend include undue delay,

23   bad faith, prejudice, and futility."  *California Architectural Bldg. Prod. v. Franciscan Ceramics*,

24   818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv.*

25   *Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely

26   given, the court does not have to allow futile amendments).  Here, plaintiff is pro se and,

27   normally, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond

28   doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

                                                        12

1  relief.'" *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Haines v. Kerner*, 404

2  U.S. 519, 521 (1972)); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)

3  ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear

4  that the deficiencies of the complaint could not be cured by amendment.") (*quoting Schucker v.*

5  *Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988))).  However, "[i]n determining whether leave

6  to amend is appropriate, the court is also to consider "the presence of any of four factors."  *Griggs*

7  *v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *see also Carvalho v. Equifax Info.*

8  *Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182

9  (1962)).

10       Here, the pro se plaintiff has engaged in a pattern of repeated filing of piecemeal

11  complaints – changing the claims alleged and adding to or subtracting from the various

12  defendants named – as well as moving from court to court with essentially the same allegations.

13  This conduct raises as serious question as to whether plaintiff is proceeding in this action in bad

14  faith.  Indeed, as indicated at the hearing on this motion, there would appear to be factual support

15  for the declaring of plaintiff a vexatious litigant.  Plaintiff was explicitly warned by the Fresno

16  County Superior Court that he would be given one last opportunity to amend his complaint before

17  he voluntarily dismissed that action and instead proceeded thereafter to file multiple, closely

18  related, actions in federal court.  After one surety defendant in this action had been dismissed by

19  the court applying res judicata principles and the remaining surety defendants had filed motions

20  to dismiss on the same grounds, plaintiff voluntarily dismissed those defendants and filed a new

21  action in this court against the same surety defendants that he had just voluntarily dismissed.

22  Moreover, in that new action against the surety defendants, plaintiff alleged the same facts as he

23  had alleged in the prior federal court action.  As the assigned magistrate judge and the

24  undersigned concluded in that action plaintiff's complaint was "not filed in good faith and has

25  been filed to delay proceedings and harass the Defendants."  *Ali v. Hudson Insurance Co., et al.*,

26  No. 1:16-cv-01743-DAD-EPG, Doc. No. 4 at 3 and Doc. No. 6 at 1.  In addition, the sole claim

27  that the Fresno County Superior Court had found cognizable, the breach of contract claim against

28  Najeh Jawad, has not yet been alleged by plaintiff in any of the actions plaintiff has subsequently

1   initiated in federal court.  Based upon all these circumstances, the court finds that plaintiff is

2   proceeding in bad faith in this action, unduly delaying the proceedings, and prejudicing the

3   opposing parties by filing multiple related complaints in various courts, subsequently voluntary

4   dismissing his claims when it appears that dismissal without leave to amend is imminent, and by

5   declining to file a complaint containing his sole claim that any court has found to be cognizable.

6          The court further finds that granting leave to amend in this matter will be futile.  The

7   Fresno County Superior Court twice dismissed plaintiff's "fraud and deceit by intentional

8   conversion" claim for failure to state a claim.  Plaintiff has now failed to state a cognizable claim

9   in that regard in this court as well.  *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th

10  Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment

11  would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated

12  opportunities.")  Before plaintiff voluntarily dismissed the action, the Fresno County Superior

13  Court specifically warned plaintiff that it intended to grant him "one more chance to allege

14  specific facts showing who, when, where, how and by what means the representations were

15  made."  (Doc. No. 112-3 at 81.)  That court clearly explained to plaintiff the deficiencies of his

16  fraud and deceit by intentional conversion claim, stating:

17          There are no allegations whatsoever to explain how or where the
            representations were made, or by what means they were tendered.
18          Plaintiff does not allege that all of the individual defendants made
            the representations, but it is not clear if the representations were
19          made on different dates by different defendants, or by all
            defendants at the same time.  Plaintiff also does not allege to whom
20          the representations were made, other than that they were made in
            the presence of his employees.  (*Id*. at p. 14:12–14.)  It is still not
21          clear if all of the defendants made the promise directly to plaintiff,
            or if the representations were made to someone else.  He also fails
22          to   allege   any   facts   showing   that   his   reliance   on   the
            misrepresentation was justified under the circumstances.  Therefore,
23          the allegations supporting the misrepresentation claim are still
            inadequate to state a valid claim.

24

25  (*Id*. at 80.)  Nonetheless, plaintiff has failed to cure these deficiencies in his FAC filed in this

26  action.  Moreover, the allegations of the FAC as to this claim state that the alleged unlawful

27  representation was made by all four individual defendants and that allegation is in direct conflict

28  with plaintiff's prior allegations in his original Fresno County Superior Court complaint that the

1   fraud occurred as a result of a verbal contract between only himself and Abdul Jawad. *See United*

2   *States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (leave to amend is not warranted

3   if the complaint's deficiencies can only be cured by allegations that contradict or are inconsistent

4   with the challenged pleading).  After repeated opportunities to state a cognizable claim for "fraud

5   and deceit by intentional conversion" and after contradictory allegations from what was originally

6   alleged, the court finds that granting plaintiff further leave to amend this claim would be futile.

7        Likewise, granting leave to amend on plaintiff's RICO claim would be futile as well.

8   Plaintiff's allegations in support of his new RICO conspiracy claim are completely devoid of any

9   factual detail whatsoever.  The "general rule that parties are allowed to amend their pleadings . . .

10  does not extend to cases in which any amendment would be an exercise in futility or where the

11  amended complaint would also be subject to dismissal." *Novak v. United States*, 795 F.3d 1012,

12  1020 (9th Cir. 2015) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.

13  1998)).  Plaintiff's belated addition of the RICO conspiracy claim appears to be merely another

14  means by which to harass defendants and delay these proceedings rather than based upon any

15  belief that he could state a cognizable RICO conspiracy claim.  Accordingly, that claim will be

16  dismissed without leave to amend as well.

17  **V.    Conclusion**

18       For the all of the reasons set forth above:

19   1)  Plaintiff's first amended complaint (Doc. No. 113) is dismissed with prejudice and

20       without further leave to amend due to plaintiff's failure to state a claim;

21   2)  Defendants' motion to dismiss (Doc. Nos. 109 and 112) is granted; and

22   3)  The Clerk of the Court is directed to close the case.

23  IT IS SO ORDERED.

24  Dated:   __**January 11, 2017**__          _____

25                                          UNITED STATES DISTRICT JUDGE

26

27

28